CASTLEBERRY *versus* PEARCE.

1. Where a cause appears from the record to have been continued several terms by the defendant, and the jury find a verdict as on *issue joined*—in the absence of any exceptions to the want of an issue in the court below, the appellate tribunal will presume such issue to have been regularly joined, and lost from the record.

This was an action of trespass, brought to recover damages for a malicious prosecution. The declaration was filed at the fall term, 1828, of the Circuit court of St. Clair county. At the Spring term, 1829, the cause was continued, on the affidavit of the defendant. At the fall term, 1829, it was continued on the special affidavit of the defendant. Again, at the spring term, 1830, it was continued on the special affidavit of the defendant: at the fall term, 1830, the following entry was made:

"This day came the parties, by their attorneys, and thereupon came a jury of good and lawful men, to-wit, &c. (here follows the names of the jurors,) who being elected tried, empannelled, sworn, and charged to *try the issue joined*, upon their oaths do say—we find *the issue* in favor of the plaintiff, and assess his damage, by reason of the premises, to six hundred dollars." There was a motion entered in arrest of judgment, signed by three attorneys of the court, on the ground, that the declaration shewed, the defendant had a reasonable and probable cause for the prosection ; which motion was overruled.

The record does not shew what plea, if any, had been filed by the defendant .

It was here assigned for error :

" That the court below erred, in rendering judgment against the defendant below, as on a verdict of the jury upon an issue joined, when in fact no issue had been joined."

The court erred, in overruling the motion in arrest of judgment.

PER CURIAM.—From several circumstances, we are authorised to infer, that an issue in fact, going to the merits of the action, had been found by the pleadings, and sińce lost from the record ; or that the parties consented to go to trial as on an issue. The record shews that the jury were sworn to try the *issue joined.* And the jury in their verdict, set out that they find *the issue* in favor of the plaintiff. To conclude that there had been no issue, would be falsifying the record.

Again, the circumstance of the cause having been continued on the affidavit of the defendant, three several times, affords strong grounds to believe that the pleadings had been made up.

The fact, that a want of an issue was not assigned as a ground for the arrest of the judgment, in the court below, affords a further, and a strong presumption, that there was an issue at the time the motion was entered.

There is nothing in the second assignment.

The judgment must be affirmed.